IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **JOHN EVANS** *and others similarly situated*, <br><br> *Plaintiff,* <br><br> v. <br><br> **BIEWER LUMBER, LLC**, <br><br> *Defendant.* | CAUSE NO. 3:23-CV-3094-CWR-LGI |

## ORDER

John Evans alleges that Biewer Lumber operates a racially-discriminatory workplace in Newton County, Mississippi. "Black workers are kept on the cleaning crew and other less desirable jobs," "are passed over for promotional opportunities," and "receive less pay for equal work," he says. Docket No. 1 at 1. He filed this suit in November 2023 seeking relief on behalf of all Black workers at that site.

Between then and June 2024, Biewer Lumber did not file a motion challenging the pleadings. It answered the class action complaint, served its initial disclosures, participated in a Telephonic Case Management Conference with the U.S. Magistrate Judge, supplemented its disclosures, propounded discovery, and responded to discovery. Along the way, in May 2024, the Magistrate Judge issued a Class Certification Scheduling Order containing relevant discovery deadlines.

On Biewer Lumber's deadline for exchanging class certification-related disclosures, however, it filed 13 pages of "Objections" to the schedule, calling it a "fishing expedition."

Docket No. 24 at 2. It argued that it was faced with "a legally deficient, unartfully pled complaint against it that does not even mention the basic requirements of Rule 23," and said it would "likely" file a dispositive motion. *Id.* at 2 nn. 2 & 3. The Objections were not captioned or docketed as a motion or appeal to the District Judge. They sat on the docket.

That brings us to the present motions.

In June 2024, Evans filed a motion to extend his time to seek amendment of the pleadings. Docket No. 27. Biewer Lumber opposes that request. Biewer Lumber then filed a motion seeking judgment on the pleadings under Rule 12(c). Evans opposes that motion.

Biewer Lumber's response accuses Evans of sandbagging. Docket No. 32 at 14. "He has failed to act diligently," it contends. *Id.*

That is a rich accusation. It was Biewer Lumber that caused the present delay when it failed for more than five months to file a Rule 12 motion challenging the sufficiency of Evans' class allegations. It was Biewer Lumber that failed to properly seek review of the Class Certification Scheduling Order. Biewer Lumber's attorneys cannot now blame the resulting delay on their opponent.

The Court will reset this table.

Under Fifth Circuit precedent, Evans is entitled to amend his complaint and allege his "best case." *McKeathen v. Stalder*, 212 F.3d 594 (5th Cir. 2000) (construing a represented plaintiff's "best case" to be set forth in his Second Amended Complaint). An amended complaint is due in 14 days. Biewer Lumber can then answer or file a Rule 12 motion. Biewer Lumber may also elect to seek a stay of class discovery. The Court will then take up the pending motion(s), if any. Class discovery shall be stayed until further notice.

Lastly, in these and all other future filings, the parties are directed to follow the page limitation in the Local Rules.

The motions are denied without prejudice.

**SO ORDERED**, this the 15th day of October, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
